UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AMNA NASIM, on behalf of herself and All others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ZAGG, INC.**<br><br>**Defendant.** | CIVIL ACTION NO. _____ |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Amna Nasim ("Plaintiff" or "Nasim") brings this action against Zagg, Inc. ("Defendant" or the "Company") on behalf of herself and all others similarly situated upon information and belief, except as to her own actions, the investigation of her counsel, and facts that are a matter of public record, as follows:

## OVERVIEW

1. As is alleged more fully below, the Plaintiff claims that the Defendant (1) violated M.G.L. c. 151, § 1A by failing to pay Plaintiff overtime at a rate of one and one-half her regular rate for all hours worked over forty (40) in a workweek; and (2) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* by failing to pay Plaintiff and all similarly situated employees overtime at a rate of one and one-half their regular rate for all hours worked over forty (40) in a workweek.

2. Plaintiff seeks payment of all unpaid wages and benefits, statutorily mandated treble damages for herself, statutory liquidated damages for herself and all others similarly situated, attorney's fees and costs, and prejudgment interest.

## THE PARTIES

3. Plaintiff Amna Nasim is domiciled in Malden, Massachusetts and at all material times worked from within the Commonwealth as well as other states in New England.

4. The Defendant is a Delaware corporation with a principal place of business in Midvale, Utah.

## FACTUAL ALLEGATIONS

5. The Defendant is in the business of selling mobile device accessories like screen protectors, portable chargers, cell phone cases, Bluetooth keyboards, and other such accessories through retailers across the United States.

6. The Defendant employs Account Executives to sell its products to retailers like Verizon, AT&T, T-Mobile, Best Buy, Target, and Walmart for resale to the consumer.

7. The Defendant also employs so-called "Market Sales Managers" throughout the United States.

8. The Defendant hired the Plaintiff as a "Market Sales Manager" in or around March 2023.

9. The Plaintiff, like other Market Sales Managers, does not consummate their own sales.

10. As a Market Sales Manager, her primary duty is to pave the way for sales by others in her assigned territories, called "sell-thru."

11. To improve "sell-thru," the Plaintiff is expected to perform weekly visits to the Company's retailers, set up displays, arrange merchandise, and perform product and sales process training in accordance with Zagg's instructions.

12. On occasion, a Plaintiff's "sell-thru" work required her to perform side-by-side training sessions, as trained and instructed by Zagg, with the retailers' employees to stimulate sales by those retailers.

13. During the relevant period, the Defendant paid the Plaintiff a biweekly salary of $3,210.36.

14. During the relevant period, the Plaintiff averaged more than forty (40) working hours each workweek.

15. During the relevant period, the Defendant misclassified the Plaintiff as exempt from overtime and failed to pay her at a rate of time and one half her regular rate for hours worked over forty (40) in a workweek.

16. Plaintiff filed a complaint with the Massachusetts Attorney General for Defendant's violations of the Massachusetts overtime law on March 29, 2024.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §§ 201 *et seq*., Plaintiff brings claims under the FLSA on behalf of all similarly situated individuals who may choose to "opt-in" to this action for unpaid overtime wages which were knowing and willful.

18. As set forth above, at all material times, the Defendant was engaged in commerce within the meaning of 29 U.S.C. § 203(b).

19. The Plaintiff is one of approximately fifty (50) individuals throughout the country who the Defendant employed in the role of Market Sales Manager during the three years preceding the Complaint.

20. All potential opt-ins are similarly situated as they are all Market Sales Managers who performed the same primary duties as the Plaintiff and who the Company unlawfully misclassified as exempt from overtime.

21. Accordingly, the Plaintiff defines the Collective Class to include:

> All persons who worked for the Company as Market Sales Managers within the United States during the three years preceding the Complaint.

22. The Claim meets the requirements for collective action certification under the FLSA.

## COUNT 1
### Violation of M.G.L. c. 151, § 1A – Failure to Pay Overtime Wages

23. Plaintiff re-alleges and incorporates by reference ¶¶ 1-22 above as if fully set forth herein.

24. By its conduct as set forth herein, the Defendant has violated Mass. Gen. Laws ch. 151, § 1A.

25. The Defendant is liable for the full amount of the Plaintiff's unpaid overtime wages, treble damages, plus prejudgment interest, reasonable attorney's fees and expenses.

## COUNT 2
### Violation of 29 U.S.C. §§ 201 *et seq*
### Collective Action for Failure to Pay Overtime Wages

26. Plaintiff re-alleges and incorporates by reference ¶¶ 1-22 above as if fully set forth herein.

27. Defendant's knowing and willful failure to properly pay overtime compensation at a rate of time-and-a-half for hours worked more than forty (40) in a workweek by Plaintiff and the Collective Class based on their misclassification as exempt employees violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

28. The Defendant is liable for the full amount of the Plaintiff's and the Collective Class's unpaid overtime wages, liquidated damages, plus prejudgment interest, reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiff and all those similarly situated pray for judgment against the Defendant as follows:

A. A judgment and order awarding Plaintiff her unpaid overtime wages;

B. A judgment and order requiring the Defendant to pay the Plaintiff statutorily mandated treble damages;

C. An order under the FLSA conditionally certifying a class of similarly situated individuals who worked as Market Sales Managers within the United States during the three years preceding the Complaint and directing the issuance of notice informing affected individuals of their right to opt-in to this action;

D. A finding that the Defendant's violations of the FLSA were willful and knowing and, therefore, subject to a three-year statute of limitations;

E. A judgment and order awarding the Collective Class their unpaid overtime wages;

F. A judgment and order requiring the Defendant to pay the Collective Class liquidated damages;

G. A judgment and order requiring Defendant to pay the Plaintiff's and the Collective Class's reasonable attorney's fees and the costs of this action;

H. A judgment and order requiring the Defendant to pay prejudgment interest; and

I. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Respectfully submitted,
Amna Nasim, on behalf of herself and
all others similarly situated,


_/s/ Adam J. Shafran_
Adam J. Shafran, BBO#670460
Eric J. Walz, BBO#687720
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)
ashafran@rflawyers.com
ewalz@rflawyers.com